UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

Case Number: 18-10202-CIV-MARTINEZ-OTAZO-REYES

ANDREW SHABSHELOWITZ and
LAURETTE SHABSHELOWITZ,
    Plaintiffs,

vs.

OLD DOMINION INSURANCE COMPANY,
et al.,
    Defendants.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

THIS MATTER was referred to the Honorable Alicia M. Otazo-Reyes, United States Magistrate Judge, for a Report and Recommendation ("R&R") on Defendant Old Dominion Insurance Company's ("ODIC") Motion for Summary Judgment, [ECF Nos. 76, 88]. Magistrate Judge Otazo-Reyes filed an R&R, [ECF No. 109], recommending that Defendant's Motion for Summary Judgment be granted, and that a final judgment be entered in favor of ODIC, the last remaining Defendant in this case. Plaintiffs timely filed Objections to the R&R, [ECF No. 110], to which Defendant replied, [ECF No. 111].

The Court, having conducted a *de novo* review of the record and the issues presented in Plaintiffs' objections, agrees with Magistrate Judge Otazo-Reyes's conclusion that Plaintiffs' claim cannot proceed. Nonetheless, though the Court finds Plaintiffs' objections were addressed by the R&R, the Court will address those pertinent to the analysis.

## DISCUSSION

Defendant argues, and Magistrate Judge Otazo-Reyes found, that Plaintiffs' breach of contract claim (Count I) fails as a matter of law because Plaintiffs failed to submit a sufficient

Proof of Loss with supporting documentation as required by their Standard Flood Insurance Policy ("SFIP") with ODIC. Plaintiffs do not dispute that they did not submit supporting documentation—i.e., an estimate—with their Proof of Loss. Rather, Plaintiffs argue that ODIC had possession, constructive or actual, of an estimate of damage conducted by Pilot Catastrophe Services, Inc., on behalf of Plaintiffs' condominium association's insurer, American Bankers Insurance Company of Florida. They therefore contend that such possession obviates their duty to provide a separate estimate to ODIC, thereby deeming ODIC's argument "disingenuous."

The Court is empathetic to the contention that the dismissal of Plaintiffs' breach of contract claim is not warranted by what could be deemed a mere technicality, especially taking the facts in the light most favorable to Plaintiffs; however, in light of the strict compliance required under applicable legal authorities—and under the SFIP itself—the Court agrees with the finding that Plaintiffs have failed to comply with conditions precedent to bringing suit. *See, e.g.*, *Sanz v. U.S. Sec. Ins. Co.*, 328 F.3d 1314, 1317–18 (11th Cir. 2003) ("[N]ot even the 'temptations of a hard case' should cause courts to read the requirements of a federal insurance contract with 'charitable laxity.'"). Plaintiffs do not cite to any legal precedent standing for the proposition that an insurer's knowledge of an estimate prepared by an adjuster for a separate insurance company of a different insured is sufficient to satisfy the strict requirements of the SFIP.

As to Plaintiffs' contention that ODIC should have provided them with an estimate, the SFIP makes clear that:

> The insurance adjuster whom we hire to investigate your claim may furnish you with a proof of loss form, and she or he may help you complete it. However, this is a matter of courtesy only, and you must still send us a proof of loss within 60 days after the loss even if the adjuster does not furnish the form or help you complete it.

44 C.F.R. § Pt. 61, App. A(1), Art. VII(J)(7); *see also id.* at Art. VII(R) ("You may not sue us to

recover money under this policy unless you have complied with all the requirements of the policy.").

Plaintiffs' state-law "procurement" claims are also unavailing for the reasons set forth in the R&R. Though the Eleventh Circuit has not yet determined whether there is a distinction between claims-handling and procurement with respect to NFIP federal law preemption. Courts in this district, however, have adopted the Fifth Circuit's analysis in *Spong*. *See Spong v. Fid. Nat'l Prop. and Cas. Ins. Co.*, 787 F.3d 296, 306 (5th Cir. 2015); *see also Roth v. Wright Nat'l Flood Ins. Co.*, No. 18-CV-21653, 2018 WL 8334079, at *3 (S.D. Fla. June 22, 2018). "[T]he key factor to determine if an interaction with an insurer is 'claims handling' is the status of the insured at the time of the interaction between the parties. If the individual is already covered…the interactions between the insurer and insured…are 'claims handling' subject to preemption." *Roth*, 2018 WL 8334079, at *3 (quoting *Spong*, 787 F.3d at 306). The Court agrees with the R&R's well-reasoned application of that analysis in this case and adopts the finding that Plaintiffs' state-based "procurement" claims actually sound in claims-handling and are therefore preempted by federal law. As such, Defendant is entitled to summary judgment on those counts.

Lastly, Plaintiffs emphasize that they believe that insurance fraud occurred either by their condominium association, or by Pilot adjusters, in the form over inflated insurance estimates on their unit, as well as other units throughout the condominium. The Court, however, does not see the relevance to Plaintiffs' particular claims in this case. Indeed, as Defendant argues, it appears that this particular quarrel is better aimed at the relevant parties, rather than ODIC. Accordingly, the Court cannot "provide direction to Plaintiffs regarding the $249,500 claim submitted" by the condominium association.

Accordingly, after careful consideration, it is hereby:

**ORDERED AND ADJUDED** that

1. United States Magistrate Judge Otazo-Reyes's Report and Recommendation, [ECF No. 109], is **AFFIRMED and ADOPTED**.

2. Defendant's Motion for Summary Judgment, [ECF No. 88], is **GRANTED.** Final Judgment will be entered by separate order.

3. This case is **CLOSED**, and all pending motions are **DENIED AS MOOT**.

DONE and ORDERED in Chambers at Miami, Florida, this 31st day of December 2020.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Otazo-Reyes
All Counsel of Record
Andrew and Laurette Shabshelowitz, *pro se*